UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24214-CV-GRAHAM
MAGISTRATE JUDGE REID

CONTRELL LEO FLOYD,

    Plaintiff

v.

CITY OF MIAMI BEACH, et al.

    Defendants

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Before the Court is a Motion to Dismiss Plaintiff's claim for compensatory and punitive damages filed by the Defendants, Officers Orisme and Espada. [ECF No. 90]. Plaintiff claims Defendants unconstitutionally searched him during a traffic stop and caused emotional pain and suffering. [ECF No. 37].

This case was referred pursuant to S.D. Fla. Administrative Order 2019-2. [ECF No. 49]. Previously, the Undersigned entered a Report recommending that Plaintiff's claims for compensatory and punitive damages be dismissed. [ECF No. 117]. A critical issue was not briefed by either party. In light of that issue, the Undersigned **WITHDRAWS** the previous Report [ECF No. 117] and now **RECOMMENDS** that Defendants' Motion be **DENIED**. [ECF No. 90].

## II. Procedural History

This action began with Plaintiff's complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. A Magistrate Judge recommended that Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted. [ECF No. 10]. The Court then adopted that recommendation. [ECF No. 12]. Plaintiff appealed the dismissal. [ECF No. 15].

Ultimately, the U.S. Court of Appeals for the Eleventh Circuit vacated and remanded to the District Court because Plaintiff could have alleged sufficient facts in an amended complaint to support a Fourth Amendment Claim against the City of Miami Beach. *Floyd v. City of Miami Beach*, 730 F. App'x 838, 842-43 (11th Cir. 2018). The Eleventh Circuit also held that Plaintiff successfully stated a claim against Officers Orisme and Espada. *Id.* at 842. Accordingly, Plaintiff filed his amended complaint on August 2, 2018. [ECF No. 37].

The only claims presently before the Court are Plaintiff's claims against Officers Orisme and Espada ("Defendants") in their individual capacities. [ECF No. 56]. All other claims have been dismissed. [*Id.*].

## III. Plaintiff's Factual Allegations

On the night of August 2, 2013 through August 3, 2013, Plaintiff and his cousin were "having a good time" in Miami Beach, Florida. [ECF No. 37 at 5]. At

approximately 4:20 a.m., Plaintiff and his cousin left the Miami Beach area in a silver SUV, listening to music with the windows down. [*Id.*].

The Defendants pulled over Plaintiff and his cousin. [*Id.* at 5-6]. Plaintiff alleges that Defendant Orisme "started eyeballing" the inside of the vehicle and asking questions, looking for evidence of intoxication or use of drugs. [*Id.* at 6-7]. Plaintiff told the Defendants he and his cousin were "leaving the club and heading home" and asserted that he had not been drinking alcohol or smoking marijuana. [*Id.* at 7]. Defendants ordered Plaintiff out of his vehicle. [*Id.*].

Plaintiff placed his hands on the vehicle, and Defendant Orisme conducted a physical search of Plaintiff. [*Id.*]. According to Plaintiff, the search left him "very very upset," "belittled, degraded, and harassed" causing him to become "very depressed." [sic] [*Id.* at 9]. Plaintiff claims the Defendants stopped and searched him because he is black. [*Id.*].

Plaintiff asserts the physical search did not reveal evidence of a crime. [*Id.* at 7]. He further claims a records check revealed no warrants or open cases pending against him. [*Id.* at 8]. The Defendants cited Plaintiff for not having a valid driver's license and told him he was pulled over because of inoperable license plate lights. [*Id.*]. After Plaintiff was searched and cited, he told the Defendants his lights functioned properly. [*Id.* at 9]. In response, as Plaintiff alleges, the Defendants stated, "they got to make it look good on paper." [sic] [*Id.*].

3

## IV. Discussion

A. <u>Standard of Review</u>

Allegations made by *pro se* plaintiffs must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) ("allegations… however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence.").

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint where the plaintiff has failed to state a claim upon which relief may be granted. "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corps. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when there is factual content allowing the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

While *pro se* pleadings are liberally construed, there must be some factual support for a plaintiff's claims. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). Accordingly, the pleading standard does not require "'detailed factual allegations,' but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting. *Twombly*, 550 U.S. at 555).

B. Damages

Plaintiff demands compensatory and punitive damages in the amount of one million dollars. [ECF No. 37 at 19]. Defendants contend that Plaintiff is only entitled to nominal damages under 42 U.S.C. § 1997e(e) because he alleges emotional injuries, but no physical injuries, from the alleged incident. [ECF No. 90 at 4].

Pursuant to 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act (PLRA), which applies to all federal civil actions, including constitutional claims brought under § 1983, judicial relief for prisoners is limited. *See Brooks v. Powell*, F.3d 1295, 1307-08 (11th Cir. 2015). In pertinent part, § 1997e(e) states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for a mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act…" 42 U.S.C. § 1997e(e).

Under that provision, in the Eleventh Circuit, "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." *Brooks*, 800 F.3d at 1307-08; *see also Al-Amin v. Smith*, 637 F.3d 1192, 1198 (11th Cir. 2011) (holding that a claim for punitive damages cannot be made without a physical injury); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) (holding that a claim for compensatory damages cannot be made without a physical injury), *reh'g en banc*

5

*granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970.

Here, Plaintiff did not allege that he suffered a physical injury. Nor do his allegations support that a "sexual act" transpired.[1] In cases filed by prisoners, the lack of a physical injury would typically not be enough to entitle the plaintiff to compensatory or punitive damages. *See, e.g.*, *Brooks*, 800 F.3d at 1307-08; *Rager v. Augustine*, 760 F. App'x 947, 953 (11th Cir. 2019).

This case presents a rare exception. That exception is so infrequently at issue that neither party briefed it. Eleventh Circuit precedent also does not have an

---

[1] Plaintiff's new allegations in his response to the Motion should not be considered. *See Huls v. Llabona*, 437 F. App'x 830, 832 n. 5 (11th Cir. 2011) (concluding new allegations and arguments cannot be raised in response to a motion to dismiss). At any rate, he did not provide allegations supporting a "sexual act" transpired. To be a "sexual act," his allegations had to fit into one of the following four definitions outlined by 18 U.S.C. § 2246:

> (A) contact between the penis and the vulva or the penis and the anus and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2).

example illustrating its applicability. Again, § 1997e(e) provides: "No Federal civil action may be brought by a prisoner…for a mental or emotional injury suffered **while in custody** without a prior showing of physical injury or the commission of a sexual act…" 42 U.S.C. § 1997e(e) (emphasis added).

Naturally, most prisoner civil rights cases orbit around constitutional violations that transpire during a prisoner's present or previous custody in a prison or jail setting. But what if a prisoner files a facially sufficient complaint based on constitutional violations that transpired while the prisoner was not in custody?

Answering that question necessarily requires a definition for "custody" under § 1997e(e). In *Napier*, the Eleventh Circuit held "custody" for purposes of § 1997e(e) means *Miranda*[2] custody, as that is the "common definition" of that term. *See Napier v. Preslicka*, 314 F.3d 528, 532-33 (11th Cir. 2002).

The incarcerated plaintiff in *Napier*, who challenged circumstances regarding his mistaken arrest, had no entitlement to mental and emotional injuries due to the lack of physical injury. *See id.* The plaintiff in *Napier* was a prisoner when he filed his complaint and the allegations implicated matters during a formal arrest, which qualified as "custody" under *Miranda*. *See id.* (citing *Minnesota v. Murphy*, 465 U.S. 420, 430 [1984]). The Eleventh Circuit explained that the law was intended to limit "frivolous complaints concerning the range of alleged slights imposed upon them by

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

7

the government during their custodial episodes, both past and present, both in prison and in the back seat of a police cruiser." *Napier*, 314 F.3d at 534. It was irrelevant that his mistaken arrest was unrelated to his then custody. *See id.* at 533-34. So what matters then, under § 1997e(e), is whether the incarcerated plaintiff was in *Miranda* custody when the alleged unconstitutional act occurred.

Persons temporarily detained during routine traffic stops are not "in custody" under *Miranda*. *See, e.g.*, *Howes v. Fields*, 565 U.S. 499, 509-10 (2012); *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984). However, a traffic stop could so restrain a person's freedom that it places an individual "in custody" for *Miranda* purposes if that restraint rose "to a degree associated with a formal arrest." *See Berkemer*, 468 U.S. at 440; *United States v. Ubaldo-Viezca*, 398 F. App'x 573, 579 (11th Cir. 2010).

In making this inquiry, courts consider the totality of the circumstances, "including whether the officers brandished weapons, touched the suspect, or used language or a tone that indicated…compliance…could be compelled." *United States v. Luna–Encinas*, 603 F.3d 876, 881 (11th Cir. 2010). The location and length of detention are also important considerations. *Id.*

Plaintiff alleged the traffic stop ended after he was physically patted down and after a records check revealed he had no outstanding warrants. [ECF No. 37 at 7-8]. While Plaintiff sat on the bumper of his vehicle, the Defendants conducted the records check in their police vehicle away from Plaintiff. [*Id.* at 8]. There are no

allegations clarifying the length of time that elapsed, nor are there allegations of brandishing a firearm, handcuffing, threats, or physical force. There are also no allegations describing the Defendants' tone of voice when instructing Plaintiff.

Viewed together, Plaintiff's assumed-as-true allegations permit a plausible inference in his favor that he was not "in custody" during the traffic stop. *See Luna–Encinas*, 603 F.3d at 881. The Defendants never briefed whether Plaintiff was "in custody" during the traffic stop, and there are a number of unresolved facts pertinent to that question, so they have not met their burden under Rule 12.[3] *See, e.g.*, *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (explaining moving parties carry the burden on a motion to dismiss).

In short, because Plaintiff's allegations show he was not in custody at the time of the incident, and Defendants provide no evidence or argument to dispute this, Plaintiff is not limited by 42 U.S.C. § 1997e(e). If Plaintiff can prove a constitutional violation occurred, he may be entitled to more than nominal damages, even though he had no physical injury or claim that a sexual act occurred.

### V. Conclusions and Recommendation

Based on the foregoing, it is **RECOMMENDED** that Defendants' Motion be **DENIED** [ECF No. 90] and that this case **PROCEED** on Plaintiff's claim for

---

[3] Likewise, Defendants provide no other argument to explain why Plaintiff is not entitled to compensatory and punitive damages and, therefore, those issues are not presently before the Court.

compensatory and punitive damages against Defendants Orisme and Espada. In accordance with this Report, the previous Report is **WITHDRAWN**. [ECF No. 117].

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida this 7th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Contrell Leo Floyd
      190161483
      Miami-Dade County-PDC
      Pretrial Detention Center
      Inmate Mail/Parcels
      1321 NW 13th Street
      Miami, FL 33125
      PRO SE

Maryjeanne Marrero
Switkes & Zappala, P.A.
407 Lincoln Road PH SE
Miami Beach, FL 33139
305-534-4757
Fax: 305-538-5504
Email: mmarrero@switkeslaw.com

Robert L. Switkes
Switkes & Zappala, P.A.
407 Lincoln Road
Penthouse SE
Miami Beach, FL 33139
305-534-4757
Fax: 305-538-5504
Email: rswitkes@switkeslaw.com

Bradley Francis Zappala
Switkes & Zappala, P.A.
407 Lincoln Road
Penthouse SE
Miami Beach, FL 33139
305-534-4757
Fax: 305-538-5504
Email: bzappala@switkeslaw.com